[No. 8227.   Department Two.   December 10, 1909.]

## JOHN G. PRICE et al., Appellants, v. A. O. LOE et al., Respondents.[1]

PUBLIC LANDS—STATE DEED—COLLATERAL ATTACK. A state deed of tide lands cannot be collaterally attacked on account of alleged defects in assignments of the land contract to the grantee, after the commissioner of public lands has approved the assignments and issued the deed.

VENDOR AND PURCHASER—RESCISSION BY VENDEE—RECOVERY OF PRICE. Where the vendees made captious and technical objections to the vendor's title for the purpose of preventing performance within the time limit, but time was not of the essence and the vendors tendered complete performance prior to any claim of forfeiture, the vendees cannot recover earnest money paid.

Appeal from a judgment of the superior court for King county, Kauffman, J., entered December 29, 1908, dismissing an action on contract, after a trial on the merits before the court without a jury. Affirmed.

*Shank & Smith*, for appellants.

*Douglas, Lane & Douglas*, for respondents.

CROW, J.—This action was commenced by John G. Price and A. G. Boyd against A. O. Loe and James E. Stevens, to recover $500, part payment on a contract to purchase real estate, which contract they allege was breached by the defendants. On a trial without a jury, and without any findings being made, the action was dismissed. The plaintiffs have appealed.

[1]Reported in 105 Pac. 469.

On January 12, 1906, the appellants and Feeney & Pettingill, claimed by appellants to have been agents for the respondents, executed the following written agreement:

"Seattle, Wash., Jan. 12, 1906.

"Received from John G. Price & A. G. Boyd the sum of $500 to apply on contract for the purchase of lots 25, 26 and 27, Block 433, Seattle Tide Lands, Seattle, Wash. The full purchase price of said property to be $12,000; payable as follows: $6,000, cash in hand, (including the amount of this receipt) and balance on or before 3 years, with interest on deferred payments at 6 per cent per annum until paid. The said purchaser shall be furnished a complete abstract showing a good and sufficient title to said property and allowed 5 days for examination thereof; whereupon he agrees to complete the purchase in the manner and upon the terms herein; and that in case of his failure so to do the said sum of money hereby receipted for shall, at the option of the undersigned, be forfeited as liquidated damages. It is further agreed that in the event of failure to convey good and sufficient title within 30 days from date hereof, the said sum of money shall be refunded. It is understood that purchasers are to be allowed at least 15 days from date hereof before making further payment. (Signed) Feeney & Pettingill, Agent.

"Subject to the owner's approval, I hereby agree to the above provisions. (Signed) J. G. Price, A. G. Boyd, Purchaser."

Respondents contend that they never saw or heard of this instrument until after the appellants had claimed its forfeiture; that Feeney & Pettingill were agents for appellants; that respondents never listed their property with Feeney & Pettingill, who came to them with a proposition to buy; that they paid respondents $500 cash; and that respondents thereupon executed and delivered to them the following receipt pleaded in their answer:

"Seattle, Jan. 12, 1906.

"Received of Feeney & Pettingill, Agents, Five Hundred Dollars as earnest money on purchase price of lots 25, 26 and 27, Block 433, Seattle Tide Lands, balance Eleven

Thousand Five Hundred Dollars payable as follows: Fifty Five Hundred Dollars cash in 15 days, and Six Thousand dollars cash on or before 3 years at 6 per cent per annum. Abstract of title to be delivered and good title to be conveyed by warranty deed and free from all incumbrance and liens. Subject to fill, charges for.

"Dated Jan. 12, 1906.   A. O. Loe, James E. Stevens;"

that respondents never made, ratified, approved, or executed any other agreement; that they were to pay a commission to Feeney & Pettingill, although Feeney & Pettingill were agents of the appellants; that the respondents tendered performance of their contract on or about February 10, 1906, and again on or about February 20, 1906; that they have at all times since been able, ready, and willing to complete the sale and transfer a good title to appellants, and that appellants have at all times failed to perform or tender performance on their part.

The evidence shows that on January 25, 1906, an abstract of title was delivered by respondents to appellants, whose attorney on January 30, after examination, rejected the same, without stating his specific objections; that on February 4, 1906, an extended abstract was delivered by respondents to appellants, whose attorney on February 9 returned it with a written opinion specifically stating two classes of objections: (1) objections pertaining to a contract of sale for the tide lands, and to assignments of the contract made prior to the issuance and delivery of the state patent to the Ferry-Leary Land Company, a corporation, from which corporation respondents deraign their title; and (2) objections to certain alleged defects in the title, subsequent to the patent. The respondents were ready, willing and able to correct the latter objections by complying with all reasonable requirements made by the appellants relative to the title subsequent to patent, and did so within the thirty days named by the appellants' alleged contract, and for that reason we will not consider such objections. From the entire record we conclude that the controlling objections to the title, upon

which appellants relied, pertained only to proceedings had prior to the issuance of the patent, all other objections being either waived by appellants or promptly cured by the respondents, within thirty days after January 12, 1906.

As to the objections to proceedings had prior to the issuance of the patent, the respondents claim that they were technical and without merit; that respondents never made, ratified, approved, or executed any contract requiring them to convey a good and sufficient title within thirty days after January 12, 1906; that, without admitting the validity of the objections made, respondents did in fact fully correct and remove the same on or before February 20, 1906; that they tendered by good and sufficient deeds of conveyance a full and complete performance of their contract to sell, doing so prior to February 10, 1906, and again on or about February 20, 1906; that the market value of tide lands rapidly depreciated immediately after January 12, 1906; that the respondents were damaged in the sum of $2,000 by reason of appellants' failure to complete their contract to purchase, and that appellants' technical and captious objections were made to afford them an excuse for refusing the completion of their contract to purchase, to aid them in recovering their cash payment, and to enable them to avoid loss resulting from the depreciation of value in tide lands. The trial court excluded competent evidence offered by the respondents in support of their contentions that the land had depreciated in value, and that they had been damaged; but sufficient competent evidence was admitted to sustain all of respondents' other contentions, and the action was therefore properly dismissed.

The abstract of title, which is in the record, shows that the state of Washington, on December 15, 1898, issued a contract of sale for the tide lands in question to one Thomas Flint, who with his wife, Mary Flint, on January 2, 1890, by written assignment, transferred the contract to his son,

Thomas Flint, Jr.; that the assignment was, on May 12, 1900, acknowledged by Thomas Flint; that later Thomas Flint died testate; that after his death, Mary Flint, his widow, acknowledged the assignment she and her husband had jointly made during his lifetime; that the assignment was approved by the state commissioner of public lands; that Thomas Flint, Jr., on December 11, 1905, executed, acknowledged, and delivered an assignment of the contract to the Ferry-Leary Land Company, a corporation, which was also approved by the state commissioner of public lands; that on December 26, 1905, the state executed and delivered a patent for the land to the Ferry-Leary Land Company, from which company the respondents deraigned title. The appellants' attorney who examined the abstract questioned the sufficiency of the assignment from Thomas Flint and Mary Flint, his wife, to Thomas Flint, Jr., by reason of the fact that it had not been acknowledged by Mary Flint prior to the death of her husband. He also attacked the sufficiency of the assignment from Thomas Flint, Jr., to the Ferry-Leary Land Company by reason of the fact that it did not disclose whether the assignor was a married man, and, for the further reason that it was not executed by the assignor's wife, if he had one. Both assignments however were approved by the state commissioner of public lands, and subsequently the state in pursuance thereof issued a patent to the Ferry-Leary Land Company.

In *Welsh v. Callvert*, 34 Wash. 250, 75 Pac. 871, this court said:

"The deed, having been made by the state, and purporting to convey a portion of its public lands, is analogous to a patent issued by the United States for a portion of the public domain, and is governed by similar legal principles. The state has created a land department with administrative and executive functions similar to the land department of the general government. That department is authorized to supervise the proceedings by which title is sought to be ob-

17—56 WASH.

tained to any portion of the state's public lands. Having supervised such proceedings in a given case, and having caused the deed of the state to issue, it becomes in effect, the patent of the state, and cannot, under the rules established as to Federal land patents, be collaterally attacked."

On the authority of this case, we do not think the appellants were in a position to question the validity of the patent issued by the state, or the title of respondents thereunder, or to make a collateral attack upon the same. In any event, the respondents, without conceding any merit in the objections made by the appellants to the assignment of the contract of sale, corrected the same by proper written instruments, which were tendered to the appellant on or before February 20, 1906. We do not deem it necessary to enter upon a further discussion of appellant's various objections to the title. Without regard to the question whether Feeney & Pettingill were their agents to purchase, or agents of respondents to sell, the evidence fails to show that respondents approved the written contract executed by Feeney & Pettingill, upon which appellants rely, and which by its terms contemplated that it should be subject to their approval. Nor was there any evidence of the execution of any agreement by respondents, other than the one signed and pleaded by them, upon which $500 was paid by Feeney & Pettingill. The evidence establishes the fact that respondents promptly complied with all of appellants' requirements to perfect the title, although they were captious and technical, without merit, and must have been raised with the sole design of preventing a performance of the contract by respondents within the thirty-day limit claimed by appellants. We further find that the respondents tendered full performance of the contract prior to any claim of forfeiture by appellants, and that time was not the essence of the contract which respondents actually made. The trial court ruled strictly against respondents in the matter of admitting evidence, but found

in their favor. The evidence admitted by its clear preponderance sustains such finding.

The judgment is affirmed.

RUDKIN, C. J., MOUNT, DUNBAR, and PARKER, JJ., concur.